### NANCE v. KAUFMAN.

(Supreme Court, Appellate Term. June 24, 1910.)

NEW TRIAL (§ 56*)—MISCONDUCT OF JURY.

 In an action for the value of certain cement building blocks, which defendant claimed were defective, a verdict was rendered for plaintiff, and an application made for new trial for misconduct of the jury, in that, during a recess, two of the jurors stood opposite a wagon containing some of the blocks, similar to exhibits already offered in evidence, and a stranger to the case and to the parties remarked that they were "pretty poor blocks, but what can you expect for $14 per hundred," whereupon one of the jurors said, "What do you want to get for that money? They are good enough," and another juror said, "Oh, that is all right." *Held*, that such incident, though perhaps prejudicial to plaintiff, was not prejudicial to defendant, and was not such misconduct as authorized a new trial, especially where all the jurors in an affidavit denied the occurrence of the incident, and asserted that their verdict was based solely on the evidence adduced in court.

 [Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 116–119; Dec. Dig. § 56.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Action by Charles E. Nance against Philip Kaufman. From a Municipal Court order granting a new trial for misconduct of the jurors, plaintiff appeals. Reversed.

Argued before SEABURY, GUY, and BIJUR, JJ.

N. J. O'Connell, for appellant.

Henry C. Henderson, for respondent.

BIJUR, J. It appears that the action was brought to recover for the value of certain cement building blocks, the defense evidently having been that they were defective, and a verdict and judgment were rendered in favor of plaintiff.

The affidavits upon which the motion was granted were submitted by a son of the defendant, the architect who had charge of the construction of the building which fell, and a friend of the defendant. They are to the effect that during the noon recess the fifth and sixth jurors stood opposite a wagon containing some of the building blocks taken from the building, and similar to those which had already been offered in evidence; that a stranger to the case and to all the parties remarked that they were "pretty poor blocks, but what can you expect for $14 per hundred?" Thereupon the sixth juror, in the presence of the other jurors remarked, "What do you want to get for that money? They are good enough." And the fifth juror then said: "Oh, that is all right."

Had the verdict of the jury been for the defendant, I can understand that the plaintiff might have complained of this incident as an attempt to influence the jury in favor of the defendant, to the effect that the materials furnished were poor or defective, and that therefore there should be no recovery. It is impossible to understand, however, how the incident could have worked adversely to the defendant. Moreover, it would be hard to predicate misconduct on an accidental view by all the jurors of the duplicate of an exhibit already offered in evidence, and the casual remark of a bystander. Furthermore, all the jurors in an affidavit deny the occurrence of the incident in whole or in part, and all assert that their verdict was based solely on the evidence adduced in court, and the sixth juror adds an affidavit specifically denying the occurrence.

The order granting a new trial should be reversed, with costs of this appeal, and the judgment reinstated. All concur.